# United States District Court

December 30, 2011

James Dore & Matthew Wheelock

v.

Timothy Q. Feeley & David Lowy

**12 CA 10.016**

## Civil Complaint

1)     On June 15, 2011, the plaintiffs in this lawsuit had lawfully requested a default judgment against a set of defendants in another lawsuit. Those defendants exceeded their time to answer or defend as provided by the Massachusetts Rules of Civil Procedure on June 14, 2011. On June 21, 2011, Timothy Q Feeley was the acting judge at that time and acting under his own personal capacity when he vacated the default that was lawfully entered against the defendants by the court without showing justifiable cause for his actions. He claimed that the defendants did not exceed their time to answer or defend and failed to show any evidence, rules, or calculation of such. As an inarguable fact, those defendants did exceed their time to answer or defend as provided by Massachusetts Procedure (see factual calculation below), whereby Timothy Feeley acted under his own personal capacity in a clearly, unlawfully, bias manor in favor of those defendants who also so happened to be police officers and unions represented by attorneys. His actions are a clear violation of the 14th Amendment, specifically page 1742 regarding impartial tribunals.

October 28, 2010, all parties were served complaint and summons. November 18, Federal court removed case from state court (19 days total). June 6, remand papers from federal court were filed with state court, five days after which was June 13 (not including Saturday or Sunday [MRCP 6(a)]) the defendants were yet to file an answer or defense. On June 15, the defendants

were defaulted and a request for judgment was lawfully filed by the plaintiffs. Rule 81(f) of Massachusetts Procedure, which governs remanded actions specifically, says:

*(f) Superior Court: Actions Removed, Transferred or Appealed from Another Court. Except as otherwise provided in subdivision (a) of this rule, these rules apply to civil actions removed, transferred or appealed to the Superior Court from any other court. Repleading is not necessary unless a justice of the Superior Court so orders.* ***If the defendant has not answered prior to removal or transfer, he shall answer or present the other defenses or objections available to him under these rules within 20 days after the receipt through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based, or within 20 days after the service of summons upon such initial pleadings, then filed, or within 5 days after the filing of the removal or transfer papers, whichever period is longest.***

2) On July 15, 2011, the plaintiffs in the above titled claim filed unto the Essex Superior Court a motion to reconsider Timothy Feeley's June 21st ruling and showed, using all relevant facts and applicable procedural rules, that his ruling was very clearly in error or an act of prejudice against the plaintiffs. Feeley denied that motion using the same baseless and false claim that the defendants had not exceeded their time to answer or defend and again provided no proof of his claim. Again, Timothy Feeley abused his position to unlawfully aide the represented defendants against the pro se plaintiffs who were and are duly owed judgment for said default against the defendants. Again, because he acted with bias, Feeley had violated the plaintiffs 14th Amendment right to an impartial tribunal.

3) David Lowy, in 2011 was being sued by a pro se litigant for violating that pro se litigants 14th Amendment right to an impartial tribunal (1:11-CV-10475-WGY). David Lowy also has a number of public complaints regarding his overt favor to represented parties (http://www.judicialaccountability.org/individualcases-chester.htm,

http://fatherstakingaction.weebly.com), and now the plaintiffs complaint as well. Federal Law requires any judge who's impartiality might be reasonably questioned to recuse himself, being sued by a pro se litigant for violating a pro se litigants rights and acting with bias towards represented parties constitutes "reasonably questioned" impartiality. David Lowy, 28 U.S.C. § 455(a) and (b)(1) clearly says:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

It is a commonly held practice that a Judge with reasonably questionable impartiality is considered disqualified from a case prior to acting upon the case and all actions, except for recusal, are considered to be without jurisdiction and in violation of the constitution. By refusing to recuse himself in the case of *James Dore et al v. Officer Velazquez et al*, Judge Lowy has violated the plaintiffs 14th Amendment right to an impartial tribunal and clearly stated federal law.

4) On July 14th, the defendants in *James Dore et al v. Officer Velazquez et al* attempted to file a motion to dismiss under Rule 12(b)(6), the motion was sent back for non compliance with Massachusetts Superior Court Rule 9A. On July 27, the defendants refiled their motion with the court and unlawfully claimed that the plaintiffs did not oppose their motion. Their motion had a number or claims, some completely false and mostly attacking format, one of their claims for relief (dismissal) was over an MRCP 10(b) violation, which is completely based on the format of the complaint. Massachusetts Rule 12(b) says "...If, on any motion asserting the defense numbered (6), to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the

motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56...". On July 28th, David Lowy, acting under personal capacity, did not respect this rule and instead allowed the defendants' motion on the grounds of their affidavit of no opposition. Upon reading the defendants' motion it is plainly obvious that there were "matters outside the pleadings". David Lowy's judgment did not provide a memorandum stating any reasons for his judgment rendered. David Lowy acted with clear bias by not rejecting the defendants' clearly fraudulent "affidavit of no opposition", since the plaintiffs were well within their time to oppose, and sending notice that the defendants motion was to be treated as one for summary judgment, whereby he had further violated the plaintiffs' 14th amendment right to an impartial tribunal.

5) On December 7, 2011, David Lowy denied a motion to disqualify himself that was filed by the plaintiffs when Lowy did not have the jurisdiction to do such, pursuant to federal and constitutional law, violating the plaintiffs 14th amendment right to an impartial tribunal. It is however, unknown as to how he was allowed to act on a motion against him when the current acting judge in the case of *Dore et al v. Officer Velazquez et al* is Judge Howard Whitehead. Judge Lowey failed to show in any way that he was within the bounds of the law in July 2011 because he again did not provide a memorandum stating his reasons. His actions clash with the law as they are in prejudicial favoring himself.

6) On December 22, Judge Lowy denied an ex-parte motion to reconsider Judge Lowy's December 7th denial of the plaintiffs disqualification of David Lowy. Again his actions are prejudiced in favor of himself and there is no memorandum stating his cause for action. Judge Lowy, for a third time, acted without jurisdiction and violated both federal law and the plaintiffs' 14th Amendment right to an impartial tribunal.

7) On December 27, Timothy Feeley refused to disqualify himself as legally required of

him and requested by the plaintiffs. In his memorandum of law he stated that because he is a judge for a state court and therefore U.S.C. ch. 28 § 455 does not apply to him and that the Massachusetts Code of Judicial Conduct (MCJC) are the judiciary rules that apply to him. U.S. Code ch. 28 § 455 reads "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" and MCJC Canon 3(E) reads "A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned...", in both rules the language implies that the actions are self-executing (Taylor v. O'Grady, 888 F.2d 1189 (7th Cir. 1989)), Should a judge not disqualify himself, then the judge is violation of the Due Process Clause of the U.S. Constitution. United States v. Sciuto, 521 F.2d 842, 845 (7th Cir. 1996) ("The right to a tribunal free from bias or prejudice is based, not on section 144, but on the Due Process Clause."). Regardless of Timothy Feeley's reasoning, disqualification was still required of him especially considering his unlawful ruling against the plaintiffs in the case he presided over, because of his refusal to disqualify himself he has violated the plaintiffs' 14th Amendment right to an impartial tribunal.

8) On December 28, 2011, Judge Timothy Feeley again refused a motion to reconsider his unlawful June 21st ruling citing as grounds in his "discussion" that Massachusetts Rule of Civil Procedure 81(f) does not cover actions transferred from the Federal Court system. MRCP Rule 81(f) very clearly reads:

> **(f) Superior Court: Actions Removed, Transferred or Appealed from Another Court.** Except as otherwise provided in subdivision (a) of this rule, these rules apply to civil actions removed, transferred or appealed to the Superior Court from **any other court**. Repleading is not necessary unless a justice of the Superior Court so orders. If the defendant has not answered prior to removal or transfer, he shall answer or present the other defenses or objections available to him under

these rules within 20 days after the receipt through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based, or within 20 days after the service of summons upon such initial pleadings, then filed, or within 5 days after the filing of the removal or transfer papers, whichever period is longest."

The words "any other court" implies any federal court as well as any state court. The language of the rule is clear and Timothy Feeley's actions were again another example of his bias against the plaintiffs and another violation of the plaintiffs' 14th Amendment right to an impartial tribunal.

The plaintiffs claim $1,000,000 in damages to their constitutional rights for each allegation against Feeley (1, 2, 7, & 8) and Judge Lowy (3 through 6). Both Feeley and Lowy have unlawfully interfered with a legal action against a set of parties for a total of $51,200,000, because of such, the plaintiffs seek additional damages against Timothy Feeley and David Lowy for $51,200,000 each.

James Dore and
Matthew Wheelock