UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAMES DORE, ET AL.,
        Plaintiffs,

        v.                                              C.A. No. 12-10016-WGY

JUDGE TIMOTHY Q. FEELEY, ET AL.,
        Defendants.

## MEMORANDUM AND ORDER

YOUNG, D.J.

### BACKGROUND

On January 3, 2012, Plaintiffs James Dore and Matthew Wheelock, both residents of Haverhill, Massachusetts, filed a civil rights Complaint against Judge Timothy Q. Feeley ("Judge Feeley"), and Defendant Judge David Lowy ("Judge Lowy").[1] The Complaint is very unorganized and not entirely coherent. From what can be gleaned, Plaintiffs allege that on October 28, 2010, they served the complaint and summonses on a number of defendants, in connection with their state court action. See James Dore, et al. V. Officer Velazquez, et al., 2010-2106.[2] On November 18, 2011, that action was removed from state court, but thereafter the case was remanded by Judge Stearns to the state court. See Dore, et al. v. Velazquez, et al., Civil Action No. 10-11964-RGS.[3] Thereafter, the defendants were defaulted, and on June

---

[1]This action was initially assigned to Magistrate Judge Bowler, and later reassigned to Judge Casper. On January 11, 2012, Judge Casper issued an Order of Recusal (Docket No. 6), and this action was randomly reassigned.

[2]It appears the litigation stems from an alleged discriminatory and unlawful search and seizure by police officers concerning a vandalism and graffiti investigation. Plaintiffs later were prosecuted in the Lawrence District Court.

[3]In that action, on February 4, 2011, Judge Stearns entered an Order (Docket No. 17) granting the defendants' Motion to Dismiss the federal claim, and remanding the remaining

15, 2011, Plaintiffs filed a request for a default judgment against the defendants. On June 21, 2011, Judge Feeley, as the acting judge, denied the motion for entry of a default judgment. Plaintiffs allege this refusal to enter judgment was made despite the fact that the defendants exceeded their time to answer or defend, as provided by the Massachusetts Rules of Civil Procedure. Plaintiffs claim Judge Feeley failed to show any justification for his ruling but found that the defendants had not, in fact, exceeded the time to answer or defend. Plaintiffs dispute this finding, contending that the time period for responding to their complaint had expired, and asserting that Judge Feeley acted on his own, in an unlawful and biased manner in favor of the defendants, who were police officers and (police) unions represented by attorneys.

On July 15, 2011, Plaintiffs filed in a Motion to Reconsider in the Essex Superior Court, arguing that Judge Feeley's ruling was improper. That motion was denied. On December 27, 2011, Judge Feeley refused to disqualify himself as requested by the Plaintiffs. They contend that, although he stated a reason why he denied the request for recusal, this explanation was legally in error. On December 28, 2011, Judge Feeley denied a Motion to Reconsider his recusal on the grounds that Mass. R. Civ. P. 8(f) does not cover actions

---

claims to the Essex Superior Court. On July 7, 2011, an Order of Remand (Docket No. 18) issued. Thereafter, on March 3, 2011, Plaintiffs filed a Motion to Disqualify Judge (Docket No. 19), alleging judicial favoritism to the defendants against *pro se* litigants, as well as corruption and fraud. On March 8, 2011, an Electronic Order entered finding the Motion to Disqualify as moot because the Plaintiffs had filed a Notice of Appeal. On May 31, 2011, Judgment issued by the United States Court of Appeals for the First Circuit (Docket No. 24), finding that the order for remand was not reviewable, and that, to the extent Plaintiffs' claimed judicial bias, the claim was meritless. See James Dore, et al. V. Officer Velazquez, et al., No. 11-1312 (1st Cir. 2011). Mandate issued on June 22, 2011 (Docket No. 25).

transferred from the federal court.  Again, Plaintiffs contend that this explanation is in error and provides evidence of Judge Feeley's prejudice to them.  As a result of all of this, Plaintiffs allege Judge Feeley violated their Fourteenth Amendment rights to an impartial tribunal.

Next, Plaintiffs assert claims against Judge Lowy, based on his ruling on the defendants' Motion to Dismiss.  Specifically, on July 14, 2011, the defendants in the state lawsuit attempted to file a Motion to Dismiss under Mass. R. Civ. P. 12(b)(6), but the motion was rejected for non-compliance with Massachusetts Superior Court Rule 9A.  Later, on July 27, 2011, defendants refiled their motion, claiming it was unopposed.  Plaintiffs allege that the assertion that the motion was not opposed was untrue.  They also claim that the renewed Motion to Dismiss included false contentions, and mainly attacked the format of the Complaint.  They further claim that on July 28, 2011, Judge Lowy, acting on his own, improperly allowed the defendants' Motion to Dismiss under Rule 12(b) on the basis of the defendants' affidavit that there was no opposition to dismissal.

Plaintiffs contend that, because there were matters considered outside of the pleadings, Judge Lowy should have converted the Motion to Dismiss into one for Summary Judgment under Mass. R. Civ. P. 56 (giving Plaintiffs a reasonable opportunity to present material in response to a summary judgment motion).  They further contend that Judge Lowy did not provide any reasons for his judgment, and acted with bias in not rejecting the defendants' affidavits. Additionally, they contend Judge Lowy improperly favors represented parties and disfavors *pro se* litigants.  Further, they claim Judge Lowy violated their Fourteenth Amendment rights to an impartial tribunal, because, *inter alia*, he did not recuse himself in

the state court action. They argue that on December 7, 2011, without explanation, Judge Lowy improperly denied their motion to disqualify himself, particularly where he had no jurisdiction to act on the motion in the first place because the acting judge in the case was Judge Howard Whitehead.

Plaintiffs seek monetary damages for judicial fraud and prejudice.

Accompanying the Complaint, each Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* (Docket Nos. 2 and 3), and a Motion to Waive Filing Fees (Docket No. 4).

DISCUSSION

I.     The Motions for Leave to Proceed *In Forma Pauperis*

Upon review of the financial disclosures of each Plaintiff, this Court finds they lack sufficient funds to pay the $350.00 filing fee (or their proportionate share) for this action. Accordingly, Plaintiffs' Motions for Leave to Proceed *in forma pauperis* (Docket Nos. 2 and 3) are ALLOWED.

II.    The Motion to Waive Filing Fees

In view of the grant of the two *in forma pauperis* motions, Plaintiffs' Motion to Waive Filing Fees (Docket No. 4) is ALLOWED, only to the extent that the District Court filing fee is waived.

III.   The Court May Screen the Complaint

Because Plaintiffs have sought to file this Complaint without the prepayment of the filing fee, summonses have not issued in order to allow the Court an opportunity to review the Complaint to determine if it satisfies the requirements of section 1915 of Title 28, the federal *in forma pauperis* statute. See 28 U.S.C. § 1915.

4

Section 1915 authorizes the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915 (e)(2)(B)(ii) and (iii). When subject matter jurisdiction is lacking, there is no arguable or rational basis in law or fact for a claim, Mack v. Massachusetts, 204 F. Supp. 2d 163, 166 (D. Mass. 2002), and the action may be dismissed *sua sponte* and without notice under Section 1915. Neitzke, 490 U.S. at 327-328 (interpreting the former § 1915 (d)); accord Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). ("clearly baseless" actions may be dismissed).

Similarly, claims lack an arguable or rational basis in law when they are brought against a defendant who is clearly entitled to immunity, involve the infringement of a legal interest which clearly does not exist, or describe unreal scenarios. See Neitzke, 490 U.S. at 327-328 (interpreting the former § 1915(d)); accord Denton, 504 U.S. at 32 ("clearly baseless" actions may be dismissed); see also Mack, 204 F. Supp. 2d at 166; Tapia-Ortiz v. Winter, 185 F.3d. 8, 11 (2d Cir. 1999) (affirming dismissal of plaintiff's request for convening a grand jury to investigate alleged conspiracy of 20 judges and assistant U.S. Attorney); Street v. Fair, 918 F.2d 269 (1st Cir. 1990) (§ 1915(d) *sua sponte* dismissals do not require notice to plaintiff with opportunity to respond if the claim is based on an "indisputably meritless legal theory" (such as where defendants are clearly immune)).

A district court may also dismiss a complaint *sua sponte,* regardless of whether or not payment of the filing fee has been received, where the allegations contained in the complaint,

taken in the light most favorable to the plaintiff, are patently meritless and beyond all hope of redemption. Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001) (citations omitted); cf., Bell v. Hood, 327 U.S. 678, 682-83 (1946) (observing that dismissal for lack of subject-matter jurisdiction may result if the federal claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or...is wholly insubstantial and frivolous.").

In conducting the preliminary screening, Plaintiffs' *pro se* pleadings must be construed generously. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept of Education, 209 F.3d 18, 23 (1st Cir. 2000). However, even under a generous reading, this action is frivolous within the legal meaning of that term, and will be dismissed in its entirety *sua sponte* for the reasons set forth below.

IV. Absolute Judicial Immunity Bars Claims Against Judges

Plaintiffs' civil rights and tort claims against Judges Feeley and Lowy are not cognizable because absolute judicial immunity protects judges from acts performed within the scope of their jurisdiction. Mireles v. Waco, 502 U.S. 9, 11 (1991) (*per curiam*) ("[J]udicial immunity is an immunity from suit, not just from the ultimate assessment of damage."); Pierson v. Ray, 386 U.S. 547, 553-554 (1967) (absolute judicial immunity protects integrity of judicial process); Allard v. Estes, 197 N.E. 884, 886 (1935) (stating that is it "too well settled to require discussion, that every judge, whether of a higher or lower court, is exempt from liability to an action for any judgment or decision rendered in the exercise of jurisdiction vested in him by law.").

The reason for recognizing this form of immunity is that:

> [T]he nature of the adjudicative function requires a judge frequently to disappoint some of the most intense and ungovernable desires that people can have.... [T]his is the principal characteristic that adjudication has in common with legislation and with criminal prosecution, which are the two other areas in which absolute immunity has most generously been provided. If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication.

Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 768 (3d Cir. 2000) (quoting Forrester v. White, 484 U.S. 219, 226-27 (1988)).

In this case, although Plaintiffs may believe that Judge Feeley and Judge Lowy erred in their rulings denying default judgments, denying reconsideration, denying requests for recusal, and granting judgment in lieu of providing them with an opportunity to respond to a Summary Judgment motion, there is no reasonable or credible allegation, nor could there be, that the actions or inactions of these two judges were taken outside the scope of their judicial jurisdiction. Thus, even if these judges erred in their decisions, or acted negligently, maliciously, or with bias, their actions or inactions would not constitute the type of extra-judicial activity exempting them from entitlement to absolute judicial immunity. Indeed, the allegations put forth by Plaintiffs fall squarely within the scope of this doctrine.

Accordingly, Plaintiffs' claims against Defendant Judges Feeley and Lowy must be DISMISSED *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)(ii) and (iii). [4]

---

[4] As an additional matter, Plaintiffs fail to state a plausible claim under 42 U.S.C. § 1983 for due process violations because they have not shown that they do not have an adequate state remedy to seek redress for alleged civil rights violations (such as pursuing state appellate

To the extent that Plaintiffs believe this Court should disregard the doctrine entirely, or believe that their due process claims trump the absolute judicial immunity doctrine, such assertion is rejected as unfounded and contrary to established law. Additionally, this District Court previously has deemed that willful ignorance of the doctrine of absolute judicial immunity can constitute vexatious and frivolous conduct. See Fennick v. Staco, et al., Civil Action No. 07-11096-MLW, Memorandum and Order (Docket No. 10, at 7). Therefore, Plaintiffs are warned that they may not make further attempts to sue state court judges in connection with their state court litigation, or sue federal judges in connection with adverse rulings in federal cases. Failure to comply with this directive may subject them to sanctions, including, *inter alia,* monetary sanctions and/or an order enjoining them from filing further pleadings or cases in this Court.

---

avenues). The Supreme Court of the United States has determined that a state post-deprivation remedy is adequate when procedural due process claims relate to random deprivations by the state, and the plaintiff(s) must seek relief in state court. See Zinermon v. Burch, 494 U.S. 113, 126 (1990) ("The constitutional violation actionable under [42 U.S.C.] § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process"); Parratt v. Taylor, 451 U.S. 527, 541 (1981). See also Hudson v. Palmer, 468 U.S. 517, 533 (1984); O'Neill v. Baker, 210 F.3d 41, 50 (1st Cir. 2000); Riordan v. Martin, 51 F.3d 264, at *1 (1st Cir. 1995) (unpublished disposition) ("Since inadequacy of the state's remedy is a material element of the § 1983 claim, plaintiff had the burden of setting forth supporting factual allegations, either direct or inferential, to sustain an actionable legal theory.") citing Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988). Further, to the extent that adverse rulings currently are being made against Plaintiffs in connection with pending state litigation (as it appears in view of the allegation that their action currently is before Judge Whitehead), their due process claims are premature, inasmuch as they have shown that they do not have or will not have an adequate state court remedy to contest those adverse rulings in the normal course. Thus, Plaintiffs fail to state a claim upon which relief may be granted, and the action is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) on this basis as well.

V.     Certification That Any Appeal Would Not Be Taken In Good Faith

Pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), the Court finds, and hereby CERTIFIES, that any appeal by Plaintiffs of the matters contained in this Memorandum and Order would not be taken in good faith. Such a certification prohibits *in forma status* on appeal even though Plaintiffs have been found to be indigent.

Under 28 U.S.C. § 1915(a)(3) "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." Id. Similarly, under Fed. R. App. P. 24(a)(3), a party who has been permitted to proceed *in forma pauperis* in the district court may proceed on appeal *in forma pauperis* without further authorization, unless the district court certifies that the appeal is not taken in good faith. Id. (emphasis added). "The applicant's good faith is established by the presentation of any issue that is not plainly frivolous." Ellis v. United States, 356 U.S. 674 (1958) (*per curiam*); see also Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000); Wooten v. District of Columbia Metropolitan Police Department, 129 F.3d 206, 208 (D.C. Cir. 1997). A complaint is "frivolous" if "it lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325. This case is frivolous because it lacks an arguable basis in law and fact. Moreover, based on Plaintiffs' litigation history of asserting claims of bias by a judge based on adverse rulings, this Court also deems the instant action to be abusive and vexatious.

In short, for the reasons stated in this Memorandum and Order, this Court finds that any appeal of the dismissal of this action would be one that plainly does not deserve additional judicial attention.

Should Plaintiffs seek to appeal the dismissal of this action, they must pay the appellate filing and docketing fees, or they must seek leave to proceed *in forma pauperis* directly from the

United States Court of Appeals for the First Circuit.

A copy of this Memorandum and Order shall be transmitted to the First Circuit Clerk's Office.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Plaintiffs' Motions to Proceed *in forma pauperis* (Docket Nos. 2 and 3) are ALLOWED;

2. Plaintiffs' Motion to Waive Filing Fees (Docket No. 4) is ALLOWED;

3. This action is DISMISSED *sua sponte* in its entirety;

4. Plaintiffs are WARNED that they could be subject to sanctions, including an Order enjoining them from filing further pleadings or civil actions in this Court, should they continue to assert claims against state or federal court judges for matters arising out of any state or federal court litigation; and

5. This Court CERTIFIES that any appeal by the Plaintiffs of the dismissal of this action would not be taken in good faith.

SO ORDERED.

/s/ William G. Young
WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE

DATED: January 13, 2012